UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL B.,[1]

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**[2]

    **Defendant.**

Case No. 1:20-cv-14639
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court on the Acting Commissioner's *Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure*, ECF No. 26 ("*Motion for Reconsideration*"), and Plaintiff's opposition to that motion, *Response to Motion*, ECF No. 28. The Acting Commissioner has not filed a reply brief. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons that follow, the Court denies the Acting Commissioner's *Motion for Reconsideration*. It is further ordered that, if the Acting Commissioner intends to respond to Plaintiff's Motion for Attorney Fees, ECF No. 25, she shall file her response within seven (7) days of the date of this Opinion and Order.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity.

1

# I.

The Court adopts the procedural and factual background detailed in its Opinion and Order, ECF No. 23, dated August 31, 2022. In that Opinion and Order, the Court remanded the matter to the Acting Commissioner for further proceedings consistent with that decision. Specifically, the Court found that the ALJ had erred at steps two and four of the sequential evaluation process in his consideration of the evidence underlying a decision issued by the Department of Veterans Affairs ("VA"), explaining as follows:

> On August 1, 2019, the VA issued a decision finding, *inter alia*, that "[s]ervice connection for adjustment disorder with mixed anxiety, depressed mood, chronic, and cannabis use disorder (claimed as any mental condition secondary to knees and left foot) is granted with an evaluation of 70 percent effective January 9, 2019." R. 509, 511. In reaching this decision, the VA cited to multiple items of evidence, including, *inter alia*, service treatment records, private medical records, questionnaires, letters, and VA forms. R. 510, 513. The VA went on to explain its disability decision as to Plaintiff's mental impairments as follows:
>
>> Service connection for adjustment disorder with mixed anxiety, depressed mood, chronic, and cannabis use disorder (claimed as any mental condition secondary to knees and left foot) has been established as related to the service-connected disabilities of right knee joint osteoarthritis, osteoarthritis, left knee, and residuals of foot injury with fusion left great toe. The VA examiner has opined that your adjustment disorder with mixed anxiety, depressed mood, chronic, and cannabis use disorder is at least as likely as not related to your service connected right knee joint osteoarthritis, osteoarthritis, left knee, and residuals of foot injury with fusion left great toe. (38 CFR 3.310)
>>
>> The effective date of this grant is January 9, 2019. Since we received your application for compensation within one year of receipt of your intent to file, your effective date is January 9, 2019. (38 CFR 3.155b, 38 CFR 3.400)
>>
>> We have assigned a 70 percent evaluation for your adjustment disorder with mixed anxiety, depressed mood, chronic, and cannabis use disorder based on:
>> - Forgetting names
>> - Unprovoked irritability with periods of violence
>> - Suspiciousness
>> - Depressed mood

- Near-continuous depression affecting the ability to function independently, appropriately and effectively
- Disturbances of motivation and mood
- Impaired judgment
- Mild memory loss
- Forgetting recent events
- Impaired impulse control
- Chronic sleep impairment
- Near-continuous panic affecting the ability to function independently, appropriately and effectively
- Panic attacks (weekly)
- Difficulty in adapting to stressful circumstances
- Difficulty in adapting to work
- Flattened affect
- Difficulty in adapting to a worklike setting
- Anxiety
- Difficulty in establishing and maintaining effective work and social relationships
- Occupational and social impairment with reduced reliability and productivity
- Forgetting directions

R. 514.

The ALJ found that Plaintiff's mental impairment was not severe because, *inter alia*, "the objective medical evidence related to this condition reflects no more than modest clinical findings." R. 15. In making this finding, the ALJ highlighted those portions of the record that he believed supported his step two finding, including a negative November 2017 cognitive status screen and a November 2018 depression screen that was interpreted as "merely mildly positive, with a score of 4." *Id*. Although the ALJ refers generally to, *inter alia*, the VA decision at Exhibit 8F (R. 509–18), he wholly failed to mention the evidence underlying that decision, including all the functional and social limitations outlined above. R. 514. For example, in finding only a mild limitation in Plaintiff's ability to interact with others, the ALJ noted that Plaintiff alleged no problems in this area of functioning and noted, too, that Plaintiff was able to shop and deal appropriately with authority. R. 15. The VA, however, noted that Plaintiff had "[d]ifficulty in establishing and maintaining effective work and social relationships" and "[f]orgetting names[.]" R. 514. Similarly, in finding only a mild limitation in Plaintiff's ability to concentrate, persist, or maintain pace, the ALJ failed to acknowledge the VA's findings that Plaintiff, *inter alia*, suffered from "[o]ccupational and social impairment with reduced reliability and productivity[,]" "[n]ear-continuous depression affecting the ability to function independently, appropriately and effectively[,]" and "[n]ear-continuous panic affecting the ability to function independently, appropriately and effectively[.]" R. 514. In finding only a mild limitation in Plaintiff's ability to adapt

3

or manage himself, the ALJ stated that "the substantial evidence of record does not reflect any meaningful issues with temper or impulse control[.]" R. 16. However, the VA specifically noted that Plaintiff experienced, *inter alia*, "[u]nprovoked irritability with periods of violence[,]" [i]mpaired impulse control[,]" "[d]ifficulty in adapting to stressful circumstances[,]" "[d]ifficulty in adapting to work[,]" and "[d]ifficulty in adapting to a worklike setting[.]" R. 514.

This Court concludes that the ALJ erred when he relied on only those portions of the record that supported the ALJ's step two findings, while ignoring those portions of the record–particularly the evidence underlying the VA's decision–that contradicted the ALJ's findings in this regard. *See Segal v. Comm'r of Soc. Sec.*, No. CV 19-8839, 2020 WL 2111229, at *6–7 (D.N.J. May 4, 2020) (remanding where "the Court finds that the ALJ nonetheless erred in his treatment of medical evidence in the record: although the ALJ did not entirely ignore treatment notes from Plaintiff's providers, he selectively cited portions of these notes, rather than addressing the conflicting evidence within these records"); *Pastuch v. Comm'r of Soc. Sec.*, No. CV 17-989, 2018 WL 2018063, at *9 (D.N.J. May 1, 2018) ("The ALJ must not ignore the opinions of treating professionals or cherry pick evaluations, diagnostics, or opinions that support a particular conclusion."); *Cintron v. Comm'r of Soc. Sec.*, No. 2:13-CV-7125, 2014 WL 6800613, at *10 (D.N.J. Dec. 2, 2014) ("An ALJ cannot rely on portions of documents from the record without also refuting 'the statements made therein that contradict his findings.'") (quoting *Cadavid v. Comm'r of Soc. Sec.*, No. CIVA 12–7214, 2014 WL 839453, at *9 (D.N.J. Feb.26, 2014)); *cf. DeJesus v. Colvin*, No. CIV. 14-4798, 2015 WL 4902159, at *8 (D.N.J. Aug. 17, 2015) ("Adopting only portions of an opinion that support the ALJ's RFC findings while failing to address those portions that contradict them . . . will not suffice as an adequate explanation.") (citations omitted).

The Acting Commissioner contends that, under the applicable new regulatory framework, the VA's "*disability decision* is 'inherently neither valuable nor persuasive to the issue of whether [a claimant] is disabled.'" *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 19, pp. 13–14 (citing 20 C.F.R. § 404.1520b(c)(1)–(3) (2017); 82 FR 5844, 5848–49) (emphasis added). The Acting Commissioner therefore argues that "the ALJ was not required to provide 'any analysis about how [he] considered such evidence in [his] determination or decision.'" *Id*. at 14 (quoting 20 C.F.R. § 404.1520b(c)). The Acting Commissioner's arguments are not well taken. It is true that, for claims like Plaintiff's—*i.e.,* filed on or after March 27, 2017—"[d]ecisions by other governmental agencies and nongovernmental entities" are "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(1) (emphasis added); *see also id*. at § 404.1504 (stating that "[o]ther governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs . . .—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules" and that that decision "is not binding on" Social Security disability decisions). In the present case, however,

4

Plaintiff contends–and the Court agrees–that the Acting Commissioner erred when failing to address—not the VA's decision—but the evidence underlying the VA's decision, which conflicted with the ALJ's findings: The Social Security Administration ("SSA") "will consider *all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision* that [the SSA] receive[s] as evidence in [the claimant's] claim in accordance with § 404.1513(a)(1) through (4)." *Id.* at § 404.1504 (emphasis added); *see also Jeremy D.O. v. Kijakazi*, No. 1:20-CV-00403-CWD, 2021 WL 5701370, at *13–14 (D. Idaho Dec. 1, 2021) ("[T]he ALJ is required to consider all the evidence underlying the VA's decision—at least, all the evidence that was presented to the VA and also presented to the Social Security Administration, and to provide analysis of any significant, probative evidence contained in the VA records.") (citing, *inter alia*, 20 C.F.R. § 1504); *Reynaldo O. v. Kijakazi*, No. CV 19-10184-AS, 2021 WL 8895083, at *13–14 (C.D. Cal. Nov. 23, 2021) ("An ALJ is required to consider all supporting evidence underlying a VA disability rating. . . . Here, the ALJ failed to consider the supporting evidence underlying the VA disability rating and did not mention the disability rating or any of the seven items of evidence underlying the disability rating in his decision. . . . The ALJ's failure to consider the supporting evidence underlying the disability rating was error.") (citing, *inter alia*, 20 C.F.R. § 1504); *cf. Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984) ("[I]t is important to distinguish between those portions of the physicians' reports that represent the physicians' medical findings and those portions of the reports that represent conclusions as to the claimant's disability for purposes of worker's compensation.").

"Generally, an error at step two is harmless because it is a threshold test. . . . As long as one impairment is found to be severe, all medically determinable impairments are considered at subsequent steps, including non-severe impairments." *Herring v. Colvin*, 181 F. Supp. 3d 258, 276–77 (M.D. Pa. 2014) (citations omitted); *see also Swaney v. Saul*, No. CV 18-1530, 2020 WL 529602, at *2 (W.D. Pa. Feb. 3, 2020) ("Rather, the ALJ proceeds beyond step two and, in so doing, an ALJ makes an RFC determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's [RFC]."); *Taylor*, 2018 WL 2298358, at *8. As set forth above, "[h]owever, an error can harm the claimant if an impairment is improperly found to be not medically determinable or when non-severe impairments are not considered at later steps." *Herring*, 181 F. Supp. 3d at 277.

In the present case, the Court cannot conclude that the ALJ's error at step two regarding Plaintiff's mental impairment was harmless. At step four, the ALJ's RFC finding did not include any limitation in the areas of social interaction, concentration, persistence or pace, or adaptation:

After careful consideration of the entire record, the undersigned finds that

5

> the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except frequent pushing and pulling with the lower extremities; occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and frequent exposure to extreme cold and heat, wetness, humidity, dust, fumes, odors, pulmonary irritants, and hazards, such as unprotected heights and moving machinery.

R. 16. In crafting this RFC, the ALJ specifically rejected the VA disability decision without considering the evidence underlying that decision and relating to Plaintiff's mental impairments, in violation of § 404.1504:

> The undersigned notes that the longitudinal record also contains a Veterans Affairs disability determination finding the claimant has a 100% disability rating due to his combined impairments (Exh. 8F). However, the undersigned notes that such a determination, rendered in a context with standards and procedures that may vary significantly from those of the Commissioner, are inherently neither valuable nor persuasive, as they are vague, lacking specific function-by function assessments, and conclusory, relating to the issue of Social Security disability reserved to the Commissioner.

R. 20. Notably, the ALJ then goes on to assert that "[t]he objective medical evidence since the alleged onset date, showing overall moderate clinical findings and fairly routine and conservative management, simply does not establish physiological or *psychological* abnormalities which would limit the claimant's daily activities to the profound degree alleged or preclude the claimant from performing at the residual functional capacity as assessed above." *Id*. (emphasis added). There is no other discussion of Plaintiff's impairments at step four when determining the RFC. *See generally* R. 16–21. Accordingly, the ALJ, after specifically excluding without explanation contrary evidence related to Plaintiff's mental impairments, "effectively screened out of the analysis [Plaintiff's mental impairments] at step two. As a result, the potential effect of the [mental] impairments, alone or in combination with each other and the [physical] impairments, was not analyzed at step three or subsequently." *Melendez v. Colvin*, No. CV 15 -3209, 2016 WL 4718946, at *4 (D.N.J. Sept. 8, 2016); *see also Taylor*, 2018 WL 2298358, at *4, 9 (remanding where the ALJ effectively "'screened out' of the remaining disability evaluation process at Step Two all of Plaintiff's mental impairments"); *cf. Wolf v. Saul*, No. CV 19-295, 2021 WL 734226, at *3 (W.D. Pa. Feb. 25, 2021) ("Moreover, while the ALJ found another impairment to be severe and did not deny Plaintiff benefits at step two, I cannot say these errors were harmless. . . . [I]n determining the RFC, the ALJ's discussion of Plaintiff's Asperger's syndrome, depressive, bipolar and related disorders, and neurodevelopmental disorders is scant. . . . Thus, I find the ALJ unexplained inconsistency at step two may have infiltrated the remaining parts of the sequential analysis and cannot be considered harmless."). Accordingly, based on this record, the Court cannot conclude that substantial evidence supports the ALJ's decision. It

>  may be that, on remand, the ALJ will again find that Plaintiff's mental impairments are not severe and do not require any accommodation in the RFC, and the ALJ may ultimately conclude that Plaintiff is not disabled. However, at this juncture, the ALJ must explain his consideration of the evidence underlying the VA decision, and consider Plaintiff's mental impairments beyond step two in light of this evidence. This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of Plaintiff's mental impairments and of the evidence underlying the VA decision.

*Opinion and Order*, ECF No. 23, pp. 10–17; *see also Final Judgment*, ECF No. 24.

In her *Motion for Reconsideration,* ECF No. 26, filed on September 23, 2022, the Acting Commissioner asks the Court to reconsider its decision vacating and remanding the Commissioner's denial of Plaintiff's application for benefits, arguing that the decision contains a "clear error of fact or law." *Id*. at 1–2 (citing *Opinion and Order*, ECF No. 23, p. 16). Plaintiff disagrees, arguing that there is no clear error and that the Acting Commissioner simply disagrees with the Court's analysis and findings. *Response to Motion*, ECF No. 28.

## II.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *In re Processed Egg Prod. Antitrust Litig*., 962 F.3d 719, 729 (3d Cir. 2020) (quoting *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)) (internal quotation marks omitted). "A Rule 59(e) motion is not appropriate where the movant simply disagrees with the Court's ruling or wants a 'second bite at the apple.'" *Gok v. Roman Cath. Church*, 550 F. Supp. 3d 221, 231 (E.D. Pa. 2021) (quoting *Wilson v. Graybar Elec. Co., Inc*., No. 17-3701, 2019 WL 2061607, at *3 (E.D. Pa. May 9, 2019)); *see also Burdyn v. Old Forge Borough*, 330

F.R.D. 399, 404 (M.D. Pa. 2019) ("However, 'motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment.'") (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 677 (E.D. Pa. 2003)) (internal quotation marks omitted); *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012), *aff'd*, 523 F. App'x 195 (3d Cir. 2013) ("'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'") (quoting *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should only be granted sparingly." *Burdyn*, 330 F.R.D. at 405 (citations omitted); *see also A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) ("The 'extraordinary remedy' of reconsideration . . . is 'to be granted sparingly.'") (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

### III.

In support of her position that the Court's holding "contained a clear error of fact or law" in its finding that the ALJ did not consider supporting evidence underlying the VA decision, the Acting Commissioner argues that the ALJ relied on and expressly discussed VA treatment notes contained in the administrative record when concluding at step two that Plaintiff's mental impairment was not severe. *Motion for Reconsideration*, ECF No. 26, p. 2 (citing R. 15). The Acting Commissioner concedes that the Opinion and Order acknowledges that the ALJ considered such evidence, but she insists that the Court nevertheless erred in finding that the ALJ erred in failing to consider additional contrary information that the Acting Commissioner describes as "a list of diagnoses and symptoms/complaints contained within the VA's disability

8

decision itself." *Id*. (citing *Opinion and Order*, ECF No. 23, pp. 11–12; R. 514[3]). The Acting Commissioner argues that "supporting evidence" is "treatment notes, medical opinions and/or other relevant evidence the VA considered in rendering its decision and that this VA list of information "is not underlying evidence – it is merely a summary (or merely a review) of the underlying evidence that was considered." *Id*. at 2–3 (citations omitted). In addition, having characterized such information as "diagnoses and symptoms[,]" the Acting Commissioner also

---

[3] As detailed above in the excerpt from the *Opinion and Order*, the VA

> assigned a 70 percent evaluation for your adjustment disorder with mixed anxiety, depressed mood, chronic, and cannabis use disorder based on:

- Forgetting names
- Unprovoked irritability with periods of violence
- Suspiciousness
- Depressed mood
- Near-continuous depression affecting the ability to function independently, appropriately and effectively
- Disturbances of motivation and mood
- Impaired judgment
- Mild memory loss
- Forgetting recent events
- Impaired impulse control
- Chronic sleep impairment
- Near-continuous panic affecting the ability to function independently, appropriately and effectively
- Panic attacks (weekly)
- Difficulty in adapting to stressful circumstances
- Difficulty in adapting to work
- Flattened affect
- Difficulty in adapting to a worklike setting
- Anxiety
- Difficulty in establishing and maintaining effective work and social relationships
- Occupational and social impairment with reduced reliability and productivity
- Forgetting directions

R. 514 ("VA list of information").

9

argues that the ALJ properly considered Plaintiff's subjective symptoms which, in any event, cannot be used to establish the existence of an impairment. *Id*. at 2 (citing 20 C.F.R. §§ 404.1520a, 404.1521). The Acting Commissioner further contends that the VA decision is unsigned, which "necessarily prevents this document from constituting 'medical' evidence– there is no way to know who prepared the document." *Id*. at 2 n.1. Finally, the Acting Commissioner argues that the treatment records and questionnaires–including a "Mental Conditions Disability Benefits Questionnaire" completed on June 12, 2019–that the VA "purportedly considered in reaching its decision . . . are not contained in the record and/or do not pertain to the relevant period – nor are they attached to the VA's disability decision." *Id*. at 3 (citing R. 510, 513). She therefore argues that "[t]here is no 'underlying evidence' that the ALJ failed to consider." *Id*.

The Acting Commissioner's arguments are not well taken. As a preliminary matter, the Acting Commissioner could have made, but neglected to make, these arguments in her opposition brief filed prior to the Court's entry of judgment. *See Burdyn*, 330 F.R.D. at 404. In his opening brief, Plaintiff expressly discussed and relied on the VA list of information when arguing that the ALJ erred in finding that Plaintiff had no severe mental impairment at step two and in crafting Plaintiff's RFC at step four. *Plaintiff's Memorandum of Law*, ECF No. 14, pp. 17–18, 24 (citing, *inter alia*, R. 514). However, as the Court discussed in its decision, the Acting Commissioner responded to this argument by simply observing that, under the applicable regulatory framework, the VA's disability decision is 'inherently neither valuable nor persuasive to the issue of whether [a claimant] is disabled.'" *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 19, pp. 13–14 (citing 20 C.F.R. § 404.1520b(c)(1)–(3) (2017); 82 FR 5844, 5848–

10

49); *see also Opinion and Order*, ECF No. 23, pp. 13–14.[4] The Acting Commissioner's present arguments therefore boil down to a disagreement with the Court's ruling and an attempt to get a second bite at the apple through newly crafted arguments. As previously discussed, however, a litigant may not use a Rule 59(e) motion—which should be only "sparingly" granted—in this way. *See Gok*, 550 F. Supp. 3d at 231; *Burdyn*, 330 F.R.D. at 404; *Donegan*, 877 F. Supp. 2d at 226; *A.K. Stamping Co., Inc.*, 106 F. Supp. 2d at 662.

In any event, even considering the merits of the Acting Commissioner's arguments, the Court is not persuaded that the *Opinion and Order* contains a "clear error of fact or law[,]" *Motion for Reconsideration*, ECF No. 26, p. 2, as she insists. To the extent that the Acting Commissioner suggests that the VA's list of diagnoses and symptoms is merely a listing of Plaintiff's subjective symptoms that the ALJ did in fact consider, she points to no evidence supporting this assertion. *See id*. Similarly unavailing is the Acting Commissioner's argument that the VA's list cannot be viewed as supporting evidence underlying the VA decision because it "is merely a summary (or merely a review) of the underlying evidence that was considered." *Id*. at 2–3. The applicable regulation expressly states that the ALJ "will consider all of the supporting evidence underlying" the VA decision "in accordance with § 404.1513(a)(1) through (4)." 20 C.F.R. § 404.1504. Section 404.1513(a), in turn, requires consideration of evidence, *see* §§ 404.1520b, 404.1520c, and defines "evidence" as including, *inter alia*, "any information or statement(s)" from a nonmedical source about any issue in the applicant's claim. *Id*. at §

---

[4] The Acting Commissioner acknowledged in a footnote in her responsive brief that the ALJ must consider any supporting evidence underlying the VA's decision, but she merely asserted that the record contains no evidence regarding *treatment* for Plaintiff's mental impairment. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 19, p. 14 n. 4 ("[T]here is simply no evidence relating to *any treatment for Plaintiff's alleged mental impairment* anywhere in the record. The ALJ cannot consider what he does not have.") (emphasis added).

404.1513(a)(4). In light of this framework, the Court is not persuaded that the Court committed a "clear error of fact or law" when finding that the ALJ failed to consider the VA list of information as "supporting evidence underlying" the VA's decision and therefore engaged in prohibited cherry picking of the record. *See Opinion and Order*, ECF No. 23, pp. 11–17; *Alicia D. v. Kijakazi*, No. CV 1:21-2249-SVH, 2022 WL 522203, at *29 (D.S.C. Feb. 22, 2022) ("However, the record before the court contains no *decisions from the VA explaining the evidence* and conclusions that supported the assigned ratings and no C&P exams for PTSD or other mental impairments at any time during the relevant period. . . . As *any opinions and evidence that support the VA's 100% disability rating* and the individual impairment rating for PTSD *may be relevant* to Plaintiff's Social Security disability claim, the court commands the parties to supplement the record with this evidence on remand." (emphasis added).

At bottom, the Acting Commissioner simply advances new arguments that she could have raised–but failed to raise–prior to the entry of judgment and which, in any event, will not serve as a basis for relief under Rule 59(e).[5]

---

[5] To the extent that the Acting Commissioner suggests that the ALJ did not err in failing to consider the list of supporting evidence underlying the VA decision–including the Mental Conditions Disability Benefits Questionnaire, completed on June 12, 2019 and reflected at R. 510, 513–because that evidence was not included in the administrative record, some district courts have not excused a similar failure to consider such evidence. *See Joseph S. v. Kijakazi*, No. 2:21-CV-00038-MKD, 2022 WL 2840475, at *3–4 (E.D. Wash. July 20, 2022) ("The ALJ did not consider all the supporting evidence underlying the VA disability rating, as required by the regulation, as the ALJ did not possess all the evidence[.]"); *Alicia D.*, 2022 WL 522203, at *29 (noting that the record did not contain certain information from the VA that may be relevant and "commend[ing] the parties to supplement the record with this evidence on remand"); *Reynaldo O. v. Kijakazi*, No. CV 19-10184-AS, 2021 WL 8895083, at *13–14 (C.D. Cal. Nov. 23, 2021) ("Indeed, it appears that the disability rating as well as the supporting evidence underlying the disability rating were not part of the original administrative record. . . . The ALJ's failure to consider the supporting evidence underlying the disability rating was error.") (citations omitted).

## IV.

For these reasons, the Court **DENIES** the Acting Commissioner's *Motion for Reconsideration*, ECF No. 26.

Plaintiff's *Motion for Counsel Fees under the Equal Access to Justice Act*, ECF No. 25, which was filed on September 13, 2022, is unopposed and remains pending. If the Acting Commissioner intends to respond to that motion, she shall file a response no later than seven (7) days from the date of this Opinion and Order.

**IT IS SO ORDERED**.


Date:  November 7, 2022                              *s/Norah McCann King*
                                                                   NORAH McCANN KING
                                                UNITED STATES MAGISTRATE JUDGE